

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Mina Ann P. L.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>Defendant. | Case No.:  25cv3837-RMB (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING OF FEES OR COSTS**<br><br>**[ECF NO. 2]** |
| --- | --- |

The instant matter was initiated on December 30, 2025 when Plaintiff filed a complaint  seeking review of the Commissioner's decision to deny Plaintiff's "claim for disability benefits." ECF No. 1 at 3.  That same day, Plaintiff filed an Application To Proceed In District Court Without Prepaying Fees or Costs.  ECF No. 2.

Having reviewed the complaint and motion, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* ("IFP") and finds that Plaintiff's complaint is sufficient to survive *sua sponte* screening.

**<u>Application to Proceed in District Court without Prepaying Fees or Costs</u>**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1915(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if

1

she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").  It is well-settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948).  To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of [her] poverty pay or give security for costs ... and still be able to provide for [herself] and dependents with the necessities of life." Id. at 339.  At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull [her] own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984).  District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Allen v. Kelley, 1995 WL 396860, at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed IFP, later required to pay $ 120 filing fee out of $ 900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied because the plaintiff possessed savings of $ 450 and that was more than sufficient to pay the $60 filing fee). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff has satisfied her burden of demonstrating that she is entitled to IFP status. According to her affidavit in support of application, Plaintiff is not employed, has not worked in the past twelve months, and has no income except for the $200 per month that she receives in

25cv3837 RBM (BLM)

public assistance.  ECF No. 2 at 1-2.  Plaintiff is not married, does not have a checking or savings account, and does not own a home or car.  Id. at 2-3.  Plaintiff's monthly expenses total $200.  Id. at 5.  Plaintiff further explains that she is "currently homeless and doesn't have any money to afford fees at the moment."  Id.

Based on the foregoing, the Court finds that Plaintiff has established that she is unable to pay the filing fee without impairing her ability to pay for life's necessities.  Accordingly, the Court **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) and § 1915(a)

Complaints filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) are subject to a mandatory *sua sponte* screening by the Court.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Alamar v. Social Security, 2019 WL1258846, at *3 (S.D. Cal. Mar. 19, 2019). A complaint should be dismissed *sua sponte* if it is (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief."  See 28 U.S.C. § 1915(e)(2); Lopez, 203 F.3d at 1126–27.

To survive, all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Furthermore, "recitals of elements of a cause of action, supported by mere conclusory statements do not suffice."  Id.  Instead, the plaintiff must state a claim that is plausible on its face, meaning "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 678 (2009) (quoting Twombly, 550 U.S. at 556, 570)).  "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief."  Id. at 679.  Social security appeals are not exempt from the general screening requirements for IFP cases proceeding under

25cv3837 RBM (BLM)

§ 1915(e).  Montoya v. Colvin, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing Hoagland v. Astrue, 2012 WL 2521753, *1 (E.D. Cal. June 28, 2012)).

In the context of a social security appeal, courts within the Ninth District have established four elements necessary for a complaint to survive a *sua sponte* screening:

> First, the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

Skylar v. Saul, 2019 WL 4039650, *1 (S.D. Cal. Aug. 27, 2019) (quoting Montoya, 2016 WL 890922 at *2).  With regard to element four, a complaint is insufficient if it merely states that the Commissioner was wrong in denying a plaintiff benefits.  See id.; see also Hoagland, 2012 WL 2521753 at *3 ("Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong.  The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong.").  Instead, the "complaint . . . must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong."  Id. at *2.

After reviewing the amended complaint, the Court finds that Plaintiff has established the four elements necessary for a complaint to survive *sua sponte* screening.  Plaintiff states that she resides within the jurisdictional boundaries of this Court in Calipatria, CA and "files this action to seek judicial review of the Commissioner's decision" to deny Plaintiff's application for disability insurance benefits under the Social Security Act.  ECF No. 1 at 2-3.

Plaintiff also states that she is disabled as she "suffered from medically determinable severe impairments consisting of Moyamoya syndrome, status post neurosurgery intervention." Id. at 2.  Plaintiff further states that she disagrees with the determination made by the Social Security Administration because it "did not state clear and convincing reasons for rejecting the

symptom and limitation testimony that [Plaintiff] could not complete activities due to memory problems and has ongoing low energy levels." Id. at 3.

## **CONCLUSION**

Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is **GRANTED**.

**IT IS SO ORDERED**.

Dated:  3/18/2026

Hon. Barbara L. Major
United States Magistrate Judge

5

25cv3837 RBM (BLM)